IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

PHILLIP JONES                                                                              PLAINTIFF

V.                                                            CIVIL ACTION NO. 3:21-cv-584-CWR-LGI

GENERAL MOTORS, LLC, JOYSON SAFETY SYSTEMS
ACQUISTIONS, LLC AND
JOHN DOES 1-10                                                                          DEFENDANTS

## COMPLAINT

**(TRIAL JURY DEMANDED)**

COME NOW Plaintiff, Phillip Jones, by and through counsel, and files this complaint against General Motors LLC (Defendant "Motors" ), Joyson Safety Systems Acquisitions, LLC,(Defendant, "Joyson:) and John Does 1-10 and in support would show the following:

**JURISDICTION AND VENUE**

1. This suit is authorized pursuant to 28 U.S. Code Section 1332 as the parties in this matter are of entirely diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

2. Venue is proper pursuant to 28 U.S. Code Section 1391(b)(2). A civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

**PARTIES**

3. Plaintiff is an adult resident of Hinds County, Mississippi who can be contacted through his undersigned legal counsel.

4. General Motors, LLC ("Defendant Motors") is a corporation organized under the laws of Michigan whose principal place of business is 300 Renaissance Center, Detroit, Michigan

1

48265. Defendant Motors may be served with process through its registered agent, CSC of Rankin County, Inc., at Mirror Lake Plaza, 2829 Lakeland Drive, Suite 1502, Flowood, Mississippi 39232.

5. Joyson Safety Systems Acquisition, LLC is a corporation entity registered with Washington State Secretary of State. Whose mailing address is 2025 Harmon Rd, Auburn Hills, MI 48326. Defendant Joyson may be served through its registered agent, National Registered Agents, Inc. 711 Capital Way S. Ste 204 Olympia, WA 98501-1267

6. John Does 1-10 are those individuals or entities presently unknown who/which caused or substantially contributed to the damages of Plaintiff. Said unknown Defendants will be identified when their identities become known to Plaintiff.

## AMOUNT IN CONTROVERSY

7. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

8. Plaintiff seeks punitive damages against Defendants. "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction."[1]

## FACTS

9. Plaintiff was the owner of a 2009 Chevrolet Silverado C1500. Plaintiff used the vehicle for personal use daily.

10. Defendant Motors manufactured the subject vehicle and upon information and belief the airbag system was designed by Defendant Joyson.

---

[1] *Walker v. Scales*, No. 1:13CV227, 2014 WL 670216 (N.D. Miss. Feb. 20, 2014); *Montgomery v. First Family Fin. Serv. Inc.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) *Brasell v. Unumprovident Corp.*, 2:01CV202-D-B, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Myers v. Guardian Life Ins. Co. of America, Inc.*, 5 F. Supp. 2d 423, 428-429 (N.D. Miss. 1998); *Marcel v. Poole Co.*, 5 F.3d 81, 84- 85 (5th Cir. 1993); *Allstate Ins. Co. v. Hilben*, 692 F. Supp. 698, 701 (S.D. Miss. 1988)).

11. On April 10, 2021, Plaintiff, while returning home was involved in an automobile accident. Plaintiff was properly restrained in his seat belt and sustained an impact totaling out the Chevrolet Silverado VIN 3GCEC23J69G275281

12. The airbag system failed to deploy and protect the Plaintiff in conjunction with the seatbelt.

13. Plaintiff reported the accident to the proper authorities

14. Plaintiff was admitted to the emergency room and examined by physicians for several hours.

15. Plaintiff sustained injuries to his left shoulder and left hip as a result of the non-deployment of the air bag system.

16. However, Defendants refused to respond to Plaintiff claims when he attempted to request compensation for his bodily injuries.

17. As a result of the foregoing, Plaintiff suffered damages as outlined below.

## CAUSES OF ACTION

### COUNT III - DETRIMENTAL RELIANCE

18. Plaintiff reiterates and incorporates all the foregoing paragraphs.

19. Plaintiff relied to his detriment on the safety system in the Chevrolet Silverado. However, after the subject accident, Plaintiff discovered that the safety of the vehicle's airbag system was a danger and inoperative in the accident.

20. Plaintiff's reliance on Defendants have caused Plaintiff to suffer bodily injury, monetary loss, stress, and anxiety.

21. As a direct and proximate result of such conduct, Plaintiff has suffered actual damages and losses due to his detrimental reliance on Defendants inactions and actions and is entitled to damages as further prayed for herein.

## COUNT IV – NEGLIGENCE/GROSS NEGLIGENCE

22. Plaintiff reiterates and incorporates the foregoing paragraphs.

23. Defendants were grossly negligent and/or acted in reckless disregard in failing to properly produce, manufacture, inspect, and repair the subject defective vehicle.

24. Defendants' conduct is extreme and outrageous such that it shocks the conscious of any reasonable person. Defendants knew that Plaintiff was in a car accident due to Defendant Motors' inaction and negligence when it came to the dangerous condition of the vehicle.

25. Furthermore, Plaintiff has lost a great deal due to the negligence of Defendants. Plaintiff has emergency room medical bills, career is at stake, two surgeries has taken place along with loss wages and time from work.

26. Plaintiff is currently unable to return to work due to operations on his shoulder and hip. He is a delivery driver for Federal Express.

27. As a direct and proximate cause of Defendants' negligent, grossly negligent, and/or reckless acts and/or omissions, Plaintiff sustained damages set forth herein and all damages that will be provided at trial hereon.

28. Defendants' grossly negligent conduct rises to the level of willful, wanton, and reckless disregard for the safety of others, sufficient to warrant an award of punitive damages.

## COUNT V – RECKLESS DISREGARD

29. Plaintiff reiterates and incorporates the foregoing paragraphs.

30. Plaintiff would show unto the Court that Defendants' actions and/or omissions had reckless disregard for the safety and well-being of the Plaintiff.

### COUNT VI - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

31. Plaintiff reiterates and incorporates the foregoing paragraphs.

32. Defendants' intentional actions of putting Plaintiff in the subject vehicle with known defects has caused him great damage emotionally by not being able to provide for his family in a way prior to accident.

33. As a direct and proximate result of such conduct, Plaintiff has suffered emotional distress.

### COUNT VII - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiff reiterates and incorporates the foregoing paragraphs.

35. Plaintiff contends that Defendants' conduct/omission was outrageous and that Defendants knew or should have known that Defendants' conduct was outrageous and beyond all decency and that, it would cause harm to the Plaintiff.

36. As a direct and proximate result of such conduct, Plaintiff has suffered emotional distress.

### NEGLIGENCE OF JOHN DOES 1-10

37. Plaintiff reiterates and incorporates the foregoing paragraphs.

38. John Does 1-10 are entities, employees, agents, owners, operators or persons whose names and identities are unknown at this time to Plaintiff, but who may have been working in conjunction with or in a joint venture or as a partner with Defendants and may be responsible for the Plaintiff's injuries and resulting damages. Plaintiff will amend the complaint to add the names of the parties herein referred to as John Does 1-10 when that information becomes available through discovery.

**DAMAGES**

39. Plaintiff reiterates and incorporates the foregoing paragraphs.

40. As a direct and proximate consequence of the incident, Plaintiff was caused to suffer injury to his person.

41. Plaintiff's injuries and damages include at least the following:

    a. Pain and suffering;

    b. Trauma;

    c. Emotional trauma shock and stress;

    d. Emotional distress and mental anguish which Plaintiffs suffered, suffer and will continue to suffer;

    e. Lost wages;

    f. Loss of enjoyment of life; Loss of Consortium and

    g. Unspecified damages.

42. Compensatory Damages

    a. Plaintiff has suffered and continues to suffer from the multiple causes of action listed above stemming from the actions and failures of Defendants.

43. Punitive Damages

    a. Defendants' grossly negligent conduct rises to the level of willful, wanton, and reckless disregard for the safety of others.

    b. For that, Plaintiff is entitled to punitive damages in addition to its compensatory damages such that Defendants would be deterred from such unconscionable conduct in the future.

### ATTORNEY FEES AND OTHER REASONABLE COSTS

44. Plaintiff should be reimbursed for all the costs and fees with the enforcement of this lawsuit, including all reasonable fees for his attorneys and other costs and expenses associated with this lawsuit.

## PRE AND POST JUDGMENT INTEREST

45. Pre and post judgement interest should be properly assessed against Defendants.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the court adjudge that Defendants caused Plaintiff's injuries and damages due to the foregoing actions, and should award Plaintiff with compensatory and punitive damages, together with reasonable attorney's fees, costs of court and legal interest, and for such other relief as this Court may deem just and proper.

    Respectfully submitted,
    **PHILLIP JONES**

BY: /s/ Tiffany Horton-Williams
    Tiffany Horton-Williams MS Bar #105269
    Horton-Williams Law Firm
    P.O. Box 59594 Jackson, MS 39284
    Tel: 769-251-5785
    Fax: 769-251-5152
    Email: attyhortonwilliams@gmail.com